IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00143-MR

| | |
|---|---|
| STEVEN COCHRAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 13].

**I.     BACKGROUND**

On May 24, 2018, the Plaintiff, Steven Cochran ("Plaintiff"), filed an application for a period of disability benefits under Title II of the Social Security Act (the "Act") and protectively filed for supplemental security income under Title XVI of the Act. [Transcript ("T") at 69-70, 85-86]. In both applications, the Plaintiff alleged an onset date of February 1, 2018. [Id.]. The Plaintiff's claims were initially denied on January 30, 2019, [id. at 139,

143], and again denied upon reconsideration on May 7, 2019, [id. at 152, 156]. On the Plaintiff's request, a telephone hearing was held on July 9, 2020 before an Administrative Law Judge ("ALJ"). [Id. at 10]. On July 31, 2020, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 10-25].

On April 2, 2021, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence

2

"means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ

3

applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanation." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

### III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied

4

regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her

5

past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since February 1, 2018, the Plaintiff's alleged onset date. [T. at 13]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "coronary artery disease, degenerative disc disease, dysfunction of major joints, including his hands and right ankle, chronic obstructive pulmonary disease (COPD), and hearing loss." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment

6

or combination of impairments that meets or medically equals the Listings. [Id. at 16]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can lift up to 50 pounds occasionally and lift and carry up to 25 pounds frequently; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; frequently balance, stoop, crouch, kneel, or crawl; frequent bilateral handling and fingering; frequent exposure to environmental irritants, such as fumes, odors, dusts, and gases; occasional use of moving machinery, and occasional exposure to unprotected heights; and is limited to occupations which do not require complex verbal communication, frequent telephone communications, or frequent verbal communication.

[Id. at 18].

At step four, the ALJ identified the Plaintiff's past relevant work as carpenter and machinist. [Id. at 23]. However, the ALJ determined that the Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including laundry worker, salvage laborer, and industrial cleaner. [Id. at 23-24]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by

the Act from February 1, 2018, the Plaintiff's alleged onset date, through July 31, 2020, the date of the ALJ's decision. [Id. at 24-25].

## V. DISCUSSION[1]

The Plaintiff argues that the ALJ improperly evaluated the medical opinion of Dr. Timothy Johnston, D.O., when the ALJ failed to consider Dr. Johnston's opinion that the Plaintiff had "coronary artery disease – [New York Heart Association ("NYHA")] classification III." [Doc. 12-1 at 3]. The Plaintiff further argues that if the ALJ had considered Dr. Johnston's opinion that the Plaintiff's coronary artery disease is classified as a NYHA Functional Classification III, the Plaintiff would be limited to sedentary or light work. [Id. at 4].

Social Security Ruling 96-8p explains how adjudicators should assess residual functional capacity. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and

Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

The RFC represents "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio, 780 F.3d at 636 (citing SSR 96-8p).

When an ALJ is evaluating medical opinions, he "will not defer or give any specific evidentiary weight, including controlling weight, to any medical

---

work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing, or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

9

opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources."[3]  20 C.F.R. § 404.1520c(a).  The ALJ "will articulate in [his] determination or decision how persuasive [he] find[s] all of the medical opinions" in the claimant's record.  Id. § 404.1520c(b).  The most important factors considered by the ALJ are supportability and consistency. Id. § 404.1520c(a).  When considering an opinion's supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  Id. § 404.1520c(c)(1).  When considering an opinion's consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  Id. § 404.1520c(c)(2).  The ALJ will also consider the source's relationship with the claimant, the source's specialization, and other relevant factors, including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an

---

[3] The previous regulation governing the Social Security Administration's evaluation of medical evidence—20 C.F.R. § 404.1527—was replaced by 20 C.F.R. § 404.1520c for all claims filed on or after March 27, 2017.

understanding of [the] disability program's policies and evidentiary requirements." Id. § 404.1520c(c).

In his RFC assessment, the ALJ cited the opinion of Dr. Johnston, an examining physician who examined the Plaintiff on October 23, 2018. [T. at 21-23, 642]. Dr. Johnston examined the Plaintiff for multiple physical impairments, including coronary artery disease. [Id. at 642-650]. The ALJ found Dr. Johnston's opinion to be "somewhat persuasive." [Id. at 22-23]. In reaching this conclusion, the ALJ stated that:

> I find the opinion of Dr. Johnston, somewhat persuasive. Dr. Johnston opined that the claimant did not need to utilize any type of assistive device. Further, Dr. Johnston stated that the claimant's grip strength, ability to grasp, ability to raise his arms above his head, and his ability to perform dexterous movements of his hands were not impaired (Ex. 9F/11). I find this opinion somewhat persuasive because it is supported by Dr. Johnston's own examination of the claimant and the notion that the claimant does not need to use an assistive device is consistent with treatment notes, which indicated that the claimant had a normal gait (Ex. 9F; 17F). However, the notion that the claimant does not have any handling or fingering limitations is inconsistent with treatment notes, which indicated that the claimant had arthritis pain in his hands (Ex. 4F). Thus, I find this opinion is only somewhat persuasive.

[Id. at 22-23]. Here, it appears as though the ALJ articulated the persuasiveness of a portion of Dr. Johnston's opinion that addresses only some of the Plaintiff's impairments. The ALJ failed to explain, however,

whether he found only this portion of Dr. Johnston's opinion to be somewhat persuasive or whether he also found the entirety of Dr. Johnston's opinion, including the portion of the opinion related to the Plaintiff's coronary artery disease, to be somewhat persuasive.

Regarding Dr. Johnston's opinion about the Plaintiff's coronary artery disease, the ALJ stated only that:

> . . . Timothy Johnston, D.O., . . . noted that [the Plaintiff's] *heart rate and rhythm were regular and there were not any thrills, rubs, heaves, or murmurs noted.* Dr. Johnston also stated that the [Plaintiff's] lungs exhibited bilateral wheezing, but no rhonchi or rales. Further, Dr. Johnston noted that there were not any accessory muscles of respiration noted at rest, with exertion, or extensive conversation. Dr. Johnston also reported that the claimant had normal excursion of the chest with respiration, *but he appeared to have shortness of breath with exertion* (Ex. 9F/9).

[Id. at 21] (emphasis added). Thus, the ALJ did nothing more than recite some of Dr. Johnston's observations related to the Plaintiff's coronary artery disease. Notably, the ALJ did not discuss Dr. Johnston's impression that the Plaintiff's coronary artery disease is classified as a NYHA Functional Classification III. [Id. at 649]. A NYHA Functional Classification III is characterized by "[m]arked limitation of physical activity. Comfortable at rest. Less than ordinary activity causes fatigue, palpitation, or dyspnea (shortness of breath)." Erwin v. Saul, No. 0:20-cv-2671-DCC-PJG, 2021 WL 4342099,

12

at *4 (D.S.C. Aug. 26, 2021) (citing Classes of Heart Failure, American Heart Association (May 31, 2017), https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Aug. 18, 2021)), *report and recommendation adopted by* 2021 WL 4338979 (D.S.C. Sept. 23, 2021).

"There is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Reid v. Comm'r, 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). However, an ALJ still must "consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Arakas v. Comm'r, 983 F.3d 83, 98 (quoting Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017)). As the ALJ does not acknowledge Dr. Johnston's opinion that the Plaintiff's coronary artery disease is classified as a NYHA Functional Classification III, the Court is "left to guess" as to whether the ALJ considered this portion of Dr. Johnston's opinion when evaluating the opinion and formulating the Plaintiff's RFC, and if he did consider it, how he considered it. See Erwin, 2021 WL 4342099, at *4 (finding that meaningful review was frustrated, in part, because it was unclear whether the ALJ considered a medical opinion that the claimant had NYHA Functional

13

Classification III symptoms); see also Perkins v. Astrue, 498 Fed. App'x 641 (Table), 643 (7th Cir. 2013) ("An ALJ may not . . . selectively consider medical reports . . . Most significantly, the ALJ failed to acknowledge that a cardiologist characterized [the plaintiff]'s heart failure as Class III under the New York Heart Association classification system.").

The ALJ's decision is "sorely lacking in the analysis" necessary for the Court to meaningfully review the ALJ's conclusions. Mascio, 780 F.3d at 636-37. While the ALJ recited certain evidence in the record, "it is not sufficient for an ALJ to simply recite *what* the evidence is." Mills, 2017 WL 957542, at *4. Instead, an RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion . . ." Mascio, 780 F.3d at 636 (quoting SSR 96-8p).

A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 743 F.3d at 295. On remand, the ALJ's decision should include a narrative

14

Case 1:21-cv-00143-MR   Document 16   Filed 09/07/22   Page 14 of 15

discussion of the evidence, as required by SSR 96-8p, explaining how he reconciled that evidence (both supportive and contradictory) to his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED,** and the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED.** Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge